UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN BENELL THOMAS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 3:16-CV-405-TAV |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM OPINION**

Federal inmate John Benell Thomas has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Respondent has filed a response in opposition to the motion. Having considered the pleadings and the record, along with the relevant law, the Court finds that it is unnecessary to hold an evidentiary hearing,[1] and Thomas' § 2255 motion will be denied.

**I. BACKGROUND FACTS AND PROCEDURAL HISTORY**

In October of 2007, Thomas pleaded guilty and was convicted of possessing a firearm as a felon in violation of 18 U.S.C. § 922(g), possessing with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and possessing a firearm

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) [Doc. 20 in No. 3:07-CR-73]. Based on his prior Tennessee convictions for aggravated assault and drug-trafficking offenses, Thomas was classified as both a career offender and an armed career criminal, with a corresponding Sentencing Guidelines range of 262 to 327 months' imprisonment [Doc. 41 ¶¶ 38-40, 44, 46, 51, and 75 in No. 3:07-CR-73]. Before sentencing, the United States filed a motion for a downward departure [Doc. 27 in No. 3:07-CR-73]. The Court ultimately sentenced Thomas to an aggregate term of 156 months' imprisonment [Doc. 31 in No. 3:07-CR-73]. Thomas did not appeal.

On or about June 21, 2016, Thomas filed this pro se § 2255 motion for a lesser sentence in light of the holding of *Johnson v. United States*, which invalidated the residual clause of the Armed Career Criminal Act ("ACCA"). *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015) [Doc. 1]. The Court ordered the Government to respond, and after filing two motions for extensions of time, the Government filed its response on March 22, 2018 [Doc. 4]. This matter is ripe for review.[2]

## II.    LEGAL STANDARD

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S.

---

[2] The public website of the Federal Bureau of Prisons indicates that Thomas was released on December 7, 2018. *See* https://www.bop.gov/inmateloc/ (search by "Find By Name") (last visited May 1, 2019). However, because this Court imposed a five-year period of supervised release, the Court assumes without deciding that Thomas remains "in custody" for purposes of the instant § 2255 motion [Doc. 30]. *See, e.g., United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) (holding prisoner on supervised release is "in custody").

152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

### III. DISCUSSION

#### A. Section 924 conviction

The residual clause of the ACCA struck down as unconstitutionally vague in *Johnson* defined a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii); *Johnson*, 135 S. Ct. at 2563. Thomas claims that the reasoning of *Johnson* also invalidated the residual clause in § 924(c)(3)(B)'s definition of a crime of violence, which requires vacatur of his § 924(c) conviction [Doc. 1 p. 4].

Under 18 U.S.C. § 924(c), it is unlawful to use or carry a firearm during and in relation to a "crime of violence or drug trafficking crime," or to possess a firearm "in furtherance of any such crime." 18 U.S.C. § 924(c)(1)(A). A "crime of violence" under § 924(c) is "an offense that is a felony and" either (1) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "use-of-force clause"); or (2) "by its nature, involves a substantial risk that physical force against

3

the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3).

The Sixth Circuit has expressly held that *Johnson*'s reasoning does not invalidate the differently-worded residual clause of § 924(c)(3)(B). *United States v. Taylor*, 814 F.3d 340, 376-79 (6th Cir. 2016). Regardless, even if *Johnson*'s holding did extend to § 924(c)(3)(B)'s residual clause, Thomas was convicted of possessing a firearm in furtherance of a drug-trafficking offense, not a crime of violence [Doc. 31 in No. 3:07-CR-73]. *Johnson* "has no bearing" on the classification of drug-trafficking offenses. *United States v. Darling*, 619 F. App'x 877, 880 n.5 (11th Cir. 2015). Accordingly, Thomas' § 924(c) conviction and sentence remain lawful.

### B. Career-offender classification

Thomas next claims that his career-offender enhancement was necessarily based upon Guideline § 4B1.2's residual clause, which he asserts was invalidated by *Johnson* [Doc. 1 p. 5]. However, the Supreme Court has explicitly held that, because the Guidelines are not subject to vagueness challenges, § 4B1.2's residual clause is not void for vagueness. *Beckles v. United States*, 137 S. Ct. 886, 894-95 (2017). Additionally, Thomas' career-offender classification was based upon two prior convictions for selling cocaine, both of which qualified not as crimes of violence, but as controlled-substance offenses [Doc. 41 ¶¶ 38, 46, and 51 in No. 3:07-CR-73]. Accordingly, *Johnson*'s reasoning does not invalidate Thomas' career-offender classification.

## IV. CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Thomas must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## V. CONCLUSION

For the reasons stated herein, Thomas has failed to establish any basis upon which § 2255 relief could be granted, and his motion [Doc. 1] will be **DENIED**. A COA from the denial of his § 2255 motion will be **DENIED**. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be frivolous. Fed. R. App. 24. Therefore, Petitioner will be **DENIED** leave to proceed *in forma pauperis* on appeal. Fed.

R. App. P. 24. The Government's motions for extensions of time to respond to the § 2255

motion [Docs. 2 & 3] will be **DISMISSED** as moot.

    **An appropriate Order will enter.**

                                                  s/ Thomas A. Varlan
                                                  UNITED STATES DISTRICT JUDGE